Filed 9/10/13  Marriage of Smith CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Marriage of JAMES and KATHLEEN SMITH. | B240448 |
| | (Los Angeles County Super. Ct. No. GD020070) |
| JAMES W.P. SMITH, Respondent, v. KATHLEEN SMITH, Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dianna Gould-Saltman, Judge.  Affirmed.

Kathleen Smith, in pro. per., for Appellant.

No appearance for Respondent.

# I.  INTRODUCTION

Kathleen Smith, appeals from a November 15, 2011 order terminating jurisdiction over spousal support subsequent to receiving a lump sum payment by her former spouse, James W.P. Smith.  Ms. Smith argues the trial court abused its discretion in terminating spousal support jurisdiction.  We affirm the order.

# II.  BACKGROUND

The Smiths were married for over 18 years before their divorce.  After judgment of dissolution was filed on May 21, 1998, the parties filed several motions for modification of spousal support.  On June 3, 2010, Ms. Smith filed a motion to modify spousal support seeking an increase in the award amount.  On December 7, 2010, the trial court modified the spousal support because of Mr. Smith's increased earnings.  Spousal support was increased from $700 to $1,000 per month retroactive to June 15, 2010.  Ms. Smith was advised she was expected to become self-supporting in a reasonable period of time.  On May 17, 2011, the trial court decreased spousal support from $1,000 to $700 per month effective June 1, 2011.

On September 14, 2011, Mr. Smith filed an order to show cause to modify or terminate spousal support.  Mr. Smith requested termination of spousal support based on changed circumstances.  Mr. Smith stated he was laid off by his employer on August 5, 2011 and had been unable to find employment.  Mr. Smith asserted he was unlikely to find employment given his age, his health and the economy.  At the time, Mr. Smith was 63 years old.  Mr. Smith's income and expense declaration showed his gross monthly salary was $4,528 before he became unemployed on August 5, 2011.  His monthly expenses were $1,876, not including $500 monthly installment payments for his car.  His assets included $4,301 in bank accounts and $79,000 in personal property.  Mr. Smith received $450 per week in unemployment benefits from the state employment development department beginning on August 21, 2011.

Ms. Smith filed her response to the order to show cause on October 14, 2011. Ms. Smith sought: denial of Mr. Smith's request for modification or termination of spousal support; reinstatement of a life insurance policy; and an award of $250, the outstanding balance owed by Mr. Smith. Ms. Smith argued Mr. Smith had the ability to continue paying spousal support despite his recent unemployment. Mr. Smith owned real property in Las Vegas, free and clear of encumbrances, and his 2010 income was $97,328. Ms. Smith stated her total monthly income comprised of: a pension of $287 per month; a United Kingdom pension that averaged $330 per month; and $700 per month in spousal support. Her income and expense declaration showed total monthly expenses of $1,994 including $849 for rent. In addition, Ms. Smith owed: $5,355 on her credit card; $320 for court costs; and $787 plus interest and penalties on her income taxes.

In addition, Ms. Smith argued she would be left homeless and destitute if spousal support was terminated. She stated she turned 61 years old on September 14, 2011. Ms. Smith has visual impairment and ongoing health problems that prevented her from seeking employment. Ms. Smith requested no changes to spousal support until she became eligible for Social Security benefits two months after her next birthday.

On November 15, 2011, the trial court held a hearing on Mr. Smith's order to show cause. Mr. Smith was present in the courtroom while Ms. Smith appeared by phone. Both of the Smiths testified at the hearing. Mr. Smith testified he was unemployed but was seeking employment. Mr. Smith had applied for jobs online and responded to newspaper postings for the past six months. He had also contacted friends, colleagues and a recruitment agency during his job search. Mr. Smith explained it was difficult to find another job given his age. Mr. Smith stated: "The problem is that I work in technology. And run up time is normally a year to year and a half before you become effective. [The recruitment agency says] they don't feel they can take me on as a client, because I'll be 65 by then. And it may not be a good investment for the company, for a potential employer to spend a lost money training me only to have me retire."

3

Ms. Smith proposed a cash settlement of $10,000 to carry her through until she received Social Security benefits. Ms. Smith later stated she would need $8,400 if she received Social Security benefits right after her next birthday. However, Ms. Smith requested $10,000 because she would not get the full Social Security benefits until her income taxes were paid off. The trial court then informed Ms. Smith it would not consider her unpaid income taxes because it had already considered the tax consequences when it set the prior spousal support award. In response to Mr. Smith's proposed settlement of $8,000, Ms. Smith stated: "And I also say I know for positive I will not be paid until the third week. And, you know, I need to pay my bills." The trial court responded: "Right. Which means you'll need to budget yourself. The alternative is I can terminate support immediately. And then you will have nothing. Because that's one of the other options. [Mr. Smith] has been paying for a period of time, which exceeds one-half of the length of the marriage. Substantially more than that. And he is now unemployed." Ms. Smith replied: "Well, obviously if that's the situation, I've got to take the $8,000." The trial court then stated: "I think that is a wise choice for you. So I will order that payment within the next 30 days of $8,000 from petitioner to respondent. After which spousal support is terminated."

Ms. Smith filed her notice of appeal on April 2, 2012.


III. DISCUSSION


The trial court retains jurisdiction over spousal support in a marriage of long duration, that is, a marriage of over 10 years. (Fam. Code § 4336, subds. (a)-(b).) But, the trial court has "discretion to terminate spousal support in later proceedings" in the case of changed circumstances. (Fam. Code § 4336, subd. (c).) The party seeking termination of spousal support has the burden of proving changed circumstances. (*In re Marriage of Mosley* (2008) 165 Cal.App.4th 1375, 1385; *In re Marriage of Stephenson* (1995) 39 Cal.App.4th 71, 77.) We review the trial court's order for an abuse of

4

discretion. (*In re Marriage of Mosley, supra,* 165 Cal.App.4th at p. 1386; *In re Marriage of West* (2007) 152 Cal.App.4th 240, 246.)

Ms. Smith argues the trial court failed to consider the factors in Family Code section 4320: "In ordering spousal support under this part, the court shall consider all of the following circumstances: [¶] (a) The extent to which the earning capacity of each party is sufficient to maintain the standard of living established during the marriage, taking into account all of the following: [¶] (1) The marketable skills of the supported party; the job market for those skills; the time and expenses required for the supported party to acquire the appropriate education or training to develop those skills; and the possible need for retraining or education to acquire other, more marketable skills or employment. [¶] (2) The extent to which the supported party's present or future earning capacity is impaired by periods of unemployment that were incurred during the marriage to permit the supported party to devote time to domestic duties. [¶] (b) The extent to which the supported party contributed to the attainment of an education, training, a career position, or a license by the supporting party. [¶] (c) The ability of the supporting party to pay spousal support, taking into account the supporting party's earning capacity, earned and unearned income, assets, and standard of living. [¶] (d) The needs of each party based on the standard of living established during the marriage. [¶] (e) The obligations and assets, including the separate property, of each party. [¶] (f) The duration of the marriage. [¶] (g) The ability of the supported party to engage in gainful employment without unduly interfering with the interests of dependent children in the custody of the party. [¶] (h) The age and health of the parties. [¶] (i) Documented evidence of any history of domestic violence, as defined in Section 6211, between the parties, including, but not limited to, consideration of emotional distress resulting from domestic violence perpetrated against the supported party by the supporting party, and consideration of any history of violence against the supporting party by the supported party. [¶] (j) The immediate and specific tax consequences to each party. [¶] (k) The balance of the hardships to each party. [¶] (l) The goal that the supporting party shall be self-supporting within a reasonable period of time. Except in the case of a marriage of

long duration as described in Section 4336, a 'reasonable period of time' for purposes of this section generally shall be one-half the length of the marriage. However, nothing in this section is intended to limit the court's discretion to order support for a greater or lesser length of time, based on any of the other factors listed in this section, Section 4336, and the circumstances of the parties. [¶] (m) The criminal conviction of an abusive spouse shall be considered in making a reduction or elimination of a spousal support award in accordance with Section 4324.5 or 4325. [¶] (n) Any other factors the court determines are just and equitable."

We conclude the trial court considered Family Code sections 4320 and 4336, subdivision (c). The trial court did not abuse its discretion in terminating jurisdiction over spousal support after Mr. Smith paid $8,000 to Ms. Smith within 30 days. Mr. Smith met his burden of showing changed circumstances warranting termination of spousal support. Mr. Smith testified he was unemployed and had been unable to find another job. Mr. Smith submitted evidence he was receiving $450 per week in unemployment benefits from the state as of August 21, 2011. Mr. Smith explained it was difficult to find another job given his age. Mr. Smith stated: "The problem is that I work in technology. And run up time is normally a year to year and a half before you become effective. [The recruitment agency says] they don't feel they can take me on as a client, because I'll be 65 by then. And it may not be a good investment for the company, for a potential employer to spend a lost money training me only to have me retire." Mr. Smith was eligible to receive his company pensions and Social Security benefits now. However, he wanted to wait until he was 65 years old to get his full benefits. The trial court also considered the length of time Ms. Smith had received spousal support pursuant to Family Code section 4320, subdivision (l): "In ordering spousal support under this part, the court shall consider . . . . [¶] (l) The goal that the supporting party shall be self-supporting within a reasonable period of time." The court stated: "[Mr. Smith] has been paying for a period of time, which exceeds one-half of the length of the marriage. Substantially more than that."

6

In addition, the trial court considered Ms. Smith's needs and hardship by awarding her $8,000 in spousal support before terminating jurisdiction. At the November 15, 2011 hearing, Ms. Smith acknowledged a spousal support of $8,400 was sufficient to "carry" her until she received her Social Security benefits next year. But she requested $10,000 in spousal support because she would not get the full Social Security benefits until after her income taxes were paid off. But the trial court found the prior spousal support already accounted for the tax consequences. Thus, Ms. Smith was not entitled to additional spousal support to pay her unpaid income taxes. Moreover, Ms. Smith agreed to the $8,000 spousal support settlement. We conclude it was not an abuse of discretion to terminate jurisdiction over spousal support after Ms. Smith received $8,000 from Mr. Smith.

## IV. DISPOSITION

The November 15, 2011 order is affirmed. No costs are awarded on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.                                KUMAR, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.